UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


RICHARD JONES,

        Plaintiff,                                         Hon. Janet T. Neff

v.                                                             Case No. 1:13-cv-449

NATIONSTAR MORTGAGE LLC, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Nationstar's Motion for Summary Judgment, (dkt. #13); and Defendant Trott & Trott, P.C.'s Motion for Summary Judgment, (dkt. #14). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motions be **granted** and this matter terminated.


## BACKGROUND

Plaintiff initiated the present action on March 27, 2013, against Nationstar Mortgage LLC and Trott and Trott, P.C. challenging the foreclosure of a particular piece of property. The following allegations are contained in Plaintiff's complaint.

On February 9, 2006, Plaintiff executed a mortgage with Countrywide which was subsequently transferred to Nationstar. On January 8, 2013, Plaintiff made payment to Nationstar in the amount of $1,019.74. Nationstar "refused" the payment and later initiated foreclosure proceedings. Plaintiff alleges that the foreclosure of his property was unlawful for the following reasons: (1)

Nationstar refused to accept his payment of $1,019.74; (2) Nationstar failed to produce the original note with the red blood signature; (3) Mortgage Electronic Registration Systems, Inc. (MERS) lacked the authority to assign the mortgage; (4) Plaintiff was not afforded sufficient due process; and (5) Nationstar lacked standing to seek foreclosure. Defendants now move for summary judgment.

## **SUMMARY JUDGMENT STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 257 (1986)).

Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324). While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the

material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, *see Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 788 (6th Cir. 2000); *Minadeo*, 398 F.3d at 761, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the*

*Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

**I.     Trott and Trott, P.C.'s Motion for Summary Judgment**

Plaintiff's Complaint contains no factual allegations against Trott and Trott, P.C. Plaintiff has likewise failed to submit any evidence which, even if believed, would support relief against Trott and Trott, P.C. Accordingly, the undersigned recommends that Defendant Trott and Trott's motion for summary judgment be granted.

**II.    Nationstar Mortgage LLC's Motion for Summary Judgment**

As noted above, Plaintiff alleges that the foreclosure of his property was unlawful for the following reasons: (1) Nationstar refused to accept his payment of $1,019.74; (2) Nationstar failed to produce the original note with the red blood signature; (3) MERS lacked the authority to assign the mortgage; (4) Plaintiff was not afforded sufficient due process; and (5) Nationstar lacked standing to seek foreclosure.

The evidence submitted by Nationstar reveals the following. On February 9, 2006, Plaintiff executed a mortgage giving Countrywide Home Loans, Inc. an interest in the property located at 1823 E. Main St., Niles, Michigan. (Dkt. #13, Exhibit B). The mortgage identified MERS as the mortgagee. (Dkt. #13, Exhibit B). On August 10, 2012, the mortgage in question was assigned by MERS to Nationstar. (Dkt. #13, Exhibit C). Plaintiff subsequently defaulted on his mortgage payments. (Dkt. #13, Exhibit D).

On November 30, 2012, Plaintiff was informed that he had until January 4, 2013, to pay the "full amount of the default" ($2,016.94), otherwise Nationstar would "invoke any remedies provided for in the Note and Security Instrument, including but not limited to the foreclosure sale of the property." (Dkt. #13, Exhibit D). Plaintiff was further informed that his "right to cure this default. . .does not suspend your payment obligations." (Dkt. #13, Exhibit D). Plaintiff did not timely submit the entire amount owing. (Dkt. #13, Exhibit E). Because Plaintiff failed to timely cure his default, Nationstar elected to accelerate Plaintiff's loan and seek foreclosure. (Dkt. #13, Exhibit F). Foreclosure notice was posted on the subject property as well as in a local newspaper. (Dkt. #13, Exhibits F-G). A Sheriff's sale was conducted on March 28, 2013, at which the Federal Home Loan Mortgage Corporation purchased the property. (Dkt. #13, Exhibit H).

Plaintiff has responded to Defendant's motion for summary judgment. (Dkt. #17). However, Plaintiff has failed to submit any evidence challenging, refuting, or otherwise calling into doubt the evidence submitted by Defendant. Instead, Plaintiff has submitted several exhibits which support Defendant's motion for summary judgment. Plaintiff has also submitted an affidavit in which he asserts irrelevant matters such as Defendant Nationstar "is not a human being" and Defendants "do not have the rights of a NATURAL HUMAN BEING." To the extent that Plaintiff has asserted in his

affidavit relevant facts of which Plaintiff has firsthand knowledge, such do not advance Plaintiff's position as discussed below.

        A.        Defendant Properly Refused to Accept Payment

In an affidavit submitted in response to Defendant's motion for summary judgment, Plaintiff asserts that he attempted to cure his default and prevent foreclosure. (Dkt. #17). However, the evidence reveals that Plaintiff failed to timely cure the default.

As noted above, on November 30, 2012, Plaintiff was informed that he had until January 4, 2013, to pay the "full amount of the default" ($2,016.94), otherwise Nationstar would "invoke any remedies provided for in the Note and Security Instrument, including but not limited to the foreclosure sale of the property." Attached to Plaintiff's complaint is evidence that on January 8, 2013, Plaintiff submitted partial payment in the amount of $1,019.74. (Dkt. #13, Exhibit A). Even if it is assumed that this payment was timely submitted, as Defendant correctly asserts, the mortgage expressly provides that "Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current." (Dkt. #13, Exhibit B at ¶ 1). Accordingly, Defendant rejected this payment. (Dkt. #13, Exhibit E). On January 31, 2013, Plaintiff submitted to Defendant payment in the amount of $2,039.48. (Dkt. #13, Exhibit A). However, even if this payment was sufficient to satisfy Plaintiff's default obligations, this payment was not timely and was, therefore, properly rejected. (Dkt. #13, Exhibit E). The undersigned recommends, therefore, that Defendant is entitled to summary judgment as to this particular claim.

B.      Defendant was not Required to Produce the Original Note

Plaintiff asserts that he is entitled to relief because Defendant has failed to produce the original note with the red blood signature. It is well established, however, that "[a] mortgagee may foreclose on a mortgage without producing the note secured by the mortgage." *Sallie v. Fifth Third Bank*, 824 N.W.2d 238, 240 (Mich. Ct. App. 2012). The undersigned recommends, therefore, that Defendant is entitled to summary judgment as to this particular claim.

C.      MERS Possessed the Authority to Assign the Mortgage

Plaintiff next asserts that he is entitled to relief because MERS lacked the authority to assign the mortgage in question. First, the mortgage in question expressly authorizes the sale or transfer of the mortgage. (Dkt. #13, Exhibit B at ¶ 20). Because MERS was expressly identified in the mortgage as the mortgagee, MERS possessed the authority to transfer the mortgage to Nationstar. *See, e.g., Bakari v. Mortgage Electronic Registration System*, 2011 WL 3476818 at *4 (Mich. Ct. App., Aug. 9, 2011). The undersigned recommends, therefore, that Defendant is entitled to summary judgment as to this particular claim.

D.      Plaintiff has not Suffered a Violation of his Due Process Rights

Plaintiff alleges that his right to not be deprived of property without due process of law has been violated. Plaintiff has failed to specify the process which he was allegedly denied or the actions undertaken by Defendant that violated this right.

Foreclosure in this matter was effected by publication rather than judicial action. Foreclosure by publication is permitted under Michigan law. Mich. Comp. Laws § 600.3201 ("[e]very

mortgage. . .which contains a power of sale. . .may be foreclosed by advertisement"). The mortgage at issue contains a power of sale clause which expressly provides that the subject property may be foreclosed and sold in the event of default. (Dkt. #13, Exhibit B at 2-3). Michigan courts have long held that a mortgage foreclosure by advertisement "is a private matter between the parties to the mortgage" and does not implicate state action or constitutional protections to due process. *National Airport Corp. v. Wayne Bank*, 252 N.W.2d 519, 520-21 (Mich. Ct. App. 1977); *see also*, *New Jerusalem Deliverance Church v. Rabette*, 2011 WL 1519048 at *2-3 (E.D. Mich., Apr. 20, 2011) ("foreclosure by advertisement in Michigan does not involve state action"). Accordingly, the undersigned recommends that Defendant is entitled to summary judgment as to this particular claim.

### E. Nationstar Possessed Standing to Seek Foreclosure

Finally, Plaintiff alleges that Nationstar lacked standing to pursue the foreclosure of the property in question. As previously noted, MERS was identified as the mortgagee in the mortgage. MERS subsequently assigned its interest in the mortgage to Nationstar making it the mortgagee. Under Michigan law, mortgagees have standing to seek foreclosure. *See Residential Funding Co., L.L.C. v. Saurman*, 805 N.W.2d 183, 183-84 (Mich. 2011). The undersigned recommends, therefore, that Defendant is entitled to summary judgment as to this particular claim.

### F. Additional Matters

The Court held a hearing on Defendants' motions at which Plaintiff raised two additional arguments which will be addressed briefly.

1. Exhibit J

As previously noted, Plaintiff's property was sold pursuant to a Sheriff's sale on March 28, 2013. In support of his position that Defendants have acted unlawfully in this matter, Plaintiff has submitted an Affidavit of Purchaser which was executed on March 25, 2013. (Dkt. #17, Exhibit J). Plaintiff asserts that the fact that this particular affidavit was executed three days prior to the Sheriff's sale constitutes proof of fraud or other unlawful action by Defendants. Plaintiff questions the validity of the March 28, 2013 sale in light of the Affidavit of Purchaser executed three days previous. Plaintiff's argument, however, reflects a misunderstanding of the purpose of the Affidavit of Purchaser. Plaintiff seems to believe that this affidavit constitutes evidence that the property was actually purchased or transferred on March 25, 2013, thereby rendering the March 28, 2013 Sheriff's sale unlawful. The Affidavit of Purchaser, however, serves a much different purpose.

Even following foreclosure, a mortgagor (i.e., the purchaser or debtor) may recover the property in question by paying all amounts owing prior to the expiration of the redemption period. *See* Mich. Comp. Laws § 600.3240. In the event that a mortgagor wishes to redeem a foreclosed property during the redemption period, the person or entity that purchased the property at foreclosure is nevertheless entitled to recover certain expenses (e.g., taxes, insurance premiums, amounts necessary to redeem senior liens) incurred following the foreclosure purchase but prior to the subsequent redemption. *See* Mich. Comp. Laws § 600.3240. Such amounts are recoverable, however, only if the person or entity who purchased the property at foreclosure first executes an Affidavit of Purchaser identifying the additional amounts that must be paid to properly redeem the foreclosed property. *See* Mich. Comp. Laws § 600.3240; *Mark Dabish, Inc. v. Mutual Development Corp.*, 2001 WL 633704 at *1-2 (Mich. Ct. App., May 29, 2001). Thus, the Affidavit of Purchaser at issue does not evidence any

subterfuge by Defendants, but instead reflects compliance with Michigan law by the subsequent purchaser, the Federal Home Loan Mortgage Corporation. This argument is, therefore, rejected.

    2.    House Joint Resolution 192

Plaintiff also asserted at hearing that he was not obligated to pay any amounts under the Note or Mortgage due to "House Joint Rule 192 of 1932." This argument is misplaced.

Liberty Bonds were issued by the United States government during the first World War as a means of supporting the allied war effort. *See* Liberty Bond History, available at http://www.libertybonds.com/ (last visited on Nov. 25, 2013). The relevant legislation provided that certain Liberty Bonds were to be redeemed in gold. *See Perry v. United States*, 294 U.S. 330, 346-47 (1935). In 1933, however, Congress passed House Joint Resolution 192 pursuant to which it refused to redeem Liberty Bonds in gold. *Id.* The *Perry* Court found unconstitutional the attempt by Congress to "override the obligation" to redeem in gold those bonds requiring payment in gold. *Id.* at 354. Because the present matter does not involve Liberty Bonds, the Court finds that House Joint Resolution 192[1] is inapplicable. This argument is, therefore, rejected.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that <u>Defendant Nationstar's Motion for Summary Judgment</u>, (dkt. #13); and <u>Defendant Trott & Trott, P.C.'s Motion for Summary Judgment</u>, (dkt. #14), be **granted** and this matter terminated.

---

[1] House Joint Resolution 192 is often invoked as part of an unlawful scheme to reduce or avoid paying federal income tax. *See, e.g.,* Discussion of Removal and Redemption Arguments and Schemes, available at http://www.irs.gov/pub/irs-drop/rr-04-31.pdf (last visited on Nov. 25, 2013).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

        Respectfully submitted,

Date: November 26, 2013        /s/ Ellen S. Carmody
        ELLEN S. CARMODY
        United States Magistrate Judge