UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD JONES,

    Plaintiff,                                     Hon. Janet T. Neff

v.                                                        Case No. 1:13 CV 449

NATIONSTAR MORTGAGE LLC, et al.,

    Defendants.

_____/

## ORDER

This matter is before the Court on Plaintiff's Motion to Amend Complaint, (dkt. #12); Plaintiff's Motion for Judgment on the Pleadings, (dkt. #23); Plaintiff's Complaint to Quiet Title, (dkt. #24); Plaintiff's Motion to Strike Note and Promissory Agreement, (dkt. #34); Plaintiff's Motion to Enter Forensic Evidence, (dkt. #42); Plaintiff's Motion to Produce the Red Blood Wet Ink Signature and Motion to Produce the Credit Application, (dkt. #45); Plaintiff's Motion to Strike, (dkt. #47); Plaintiff's Motion for Sanctions, (dkt. #48); Plaintiff's Motion to Move Documents into Admiralty Jurisdiction, (dkt. #50); and Plaintiff's Motion for Bill of Lading, (dkt. #51).  For the reasons articulated herein, Plaintiff's motions are all **denied**.

## BACKGROUND

Plaintiff initiated the present action on March 27, 2013, against Nationstar Mortgage LLC and Trott and Trott, P.C. challenging the foreclosure of a particular piece of property.  Specifically, Plaintiff alleges that: (1) Nationstar unlawfully refused to accept payment; (2) Nationstar failed to produce the original note with the red blood signature; (3) Mortgage Electronic Registration Systems,

Inc. (MERS) lacked the authority to assign the mortgage; (4) Plaintiff was not afforded sufficient due process; and (5) Nationstar lacked standing to seek foreclosure. On June 20, 2013, Defendants moved for summary judgment. Plaintiff subsequently filed the aforementioned motions, each of which is addressed below.

        A.      Motion to Amend Complaint (Dkt. #12)

Plaintiff moves to amend his complaint to assert the additional claim that the foreclosure in question was improper because there was "no lawful assignment or proper conveyance of [the] deed, note and mortgage." Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend a complaint shall be "freely" given "when justice so requires." The factors relevant when considering a motion to amend include: (1) undue delay in filing, (2) lack of notice to the opposing party, (3) bad faith by the moving party, (4) repeated failure to cure deficiencies by previous amendments, (5) undue prejudice to the opposing party, and (6) futility of amendment. *See Wade v. Knoxville Utilities Board*, 259 F.3d 452, 458 (6th Cir. 2001).

The mortgage in question expressly authorizes the sale or transfer of the mortgage. (Dkt. #14, Exhibit B at ¶ 20). Because MERS was expressly identified in the mortgage as the mortgagee, it possessed the authority to transfer the mortgage to Nationstar. *See, e.g., Bakari v. Mortgage Electronic Registration System*, 2011 WL 3476818 at *4 (Mich. Ct. App., Aug. 9, 2011). Moreover, Plaintiff lacks standing to challenge the validity of the assignment of his mortgage. *See, e.g., Livonia Property Holdings, L.L.C. v. 12840-12976 Farmington Road Holdings, LLC*, 399 Fed. Appx. 97, 102-03 (6th Cir., Oct. 28, 2010) (interpreting Michigan law) (where an assignment, to which the borrower is not a party, is not disputed by the parties thereto, the borrower may not challenge the validity of the assignment).

Because the additional claim which Plaintiff seeks to assert through his amended complaint is without merit, Plaintiff's motion to amend his complaint is denied as futile.

### B. Motion for Judgment on the Pleadings (Dkt. #23)

Plaintiff asserts that he is entitled to judgment because: (1) Defendants have defaulted; and (2) Trott and Trott, P.C. lacks the authority "to commence this action." Plaintiff's argument that Defendants have defaulted is not supported by the record and is, therefore, rejected. Whether Trott and Trott possesses the authority to commence a legal action is irrelevant as Plaintiff initiated the present action. Accordingly, Plaintiff's motion is denied.

### C. Complaint to Quiet Title (Dkt. #24)

This motion is nothing more than a reiteration of the allegations in Plaintiff's complaint. The undersigned has already recommended that Defendants' motion for summary judgment be granted. Accordingly, this motion is denied.

### D. Motion to Strike Note and Promissory Agreement (Dkt. #34)

In response to Plaintiff's Motion for Judgment on the Pleadings, Defendants submitted several exhibits including the Assignment of Mortgage (indicating the assignment from MERS to Nationstar) and the Sheriff's Deed on Mortgage Sale. (Dkt. #28). Plaintiff moves to strike from the record these exhibits on the ground that Defendants have "failed to produce the Original note and assignment." It is well established that "[a] mortgagee may foreclose on a mortgage without producing

the note secured by the mortgage." *Sallie v. Fifth Third Bank*, 824 N.W.2d 238, 240 (Mich. Ct. App. 2012). Accordingly, Plaintiff's motion is denied.

        E.        Motion to Enter Forensic Evidence (Dkt. #42)

Plaintiff seeks to enter certain "forensic evidence as exhibits." Plaintiff asserts that he seeks to introduce these exhibits in support of his allegations that Defendant Nationstar has committed criminal fraud. Specifically, Plaintiff alleges that Nationstar has violated 18 U.S.C. § 1021 which makes it a criminal offense for an individual to falsely report that a conveyance of real property has or has not been recorded. As Plaintiff does not possess the authority to initiate criminal proceedings, this motion is denied.

        F.        Motion to Produce Red Blood Signature and Credit Application (Dkt. #45)

Plaintiff again asserts that he is entitled to relief because Defendants have not produced the original note in this matter. This argument is without merit, as discussed above. Accordingly, this motion is denied.

        G.        Motion to Strike (Dkt. #47)

Plaintiff moves to strike a letter allegedly authored by Defendants' counsel on October 10, 2013. Plaintiff alleges that the letter in question constitutes an abuse of the legal process. While Plaintiff has failed to submit a copy of the offending letter, it appears that the letter in question was sent to Plaintiff in response to discovery requests that Plaintiff submitted to Defendants. It hardly constitutes an abuse of the legal process to respond to discovery requests and because Plaintiff has failed to submit

a copy of the letter in question, Plaintiff cannot establish that the letter was in any way inappropriate. Plaintiff's motion is denied.

### H. Motion for Sanctions (Dkt. #48)

As noted above, Plaintiff has moved for the submission of certain "forensic evidence." Alleging that Defendants have failed to submit an affidavit "rebutting [the forensic evidence] point for point," Plaintiff seeks sanctions against Defendants in the amount of $250,000.00 "for every day that the defendant fails to answer timely to the response." The Court rejects Plaintiff's forensic evidence for the reasons articulated above. Defendants are not required to respond to Plaintiff's "forensic evidence." Plaintiff's motion is denied.

### I. Motion to Move Documents into Admiralty Jurisdiction (Dkt. #50)

Plaintiff asserts that "the Court Clerk has a duty to transport the cargo into the Admiralty Jurisdiction or else be "Liable" to [Plaintiff]." The present matter does not arise under admiralty jurisdiction. Accordingly, Plaintiff's motion is denied.

### J. Motion for Bill of Lading (Dkt. #51)

Plaintiff has submitted a Bill of Lading directing the Court, pursuant to the "Transportation Carrier of my Cargo by Sea Act 1992," to "perform certain contractual obligation to the Plaintiff under 49 CFR 375.213." The present matter does not arise under admiralty jurisdiction and does involve the transportation of any goods. Moreover, the Court is not contractually obligated to perform any duties to or for Plaintiff. Plaintiff's motion is denied.

For the reasons discussed herein, Plaintiff's motions are all denied.

IT IS SO ORDERED.


Date:  November 26, 2013                     /s/ Ellen S. Carmody
                                            ELLEN S. CARMODY
                                            United States Magistrate Judge