UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD A. JONES,

    Plaintiff,

v

NATIONSTAR MORTGAGE LLC and
TROTT & TROTT, P.C.,

    Defendants.
_____/

Case No. 1:13-cv-449

HON. JANET T. NEFF

## MEMORANDUM OPINION AND ORDER

    Pending before the Court is Plaintiff's "Motion for Reconsideration to Alter and Set-Aside a Judgment and for New Trial Ect. [sic] Pursuant to Rule 59" (Dkt 58).  Defendants did not respond to the motion.  For the reasons that follow, the Court determines that the motion is properly denied.

    On or about March 27, 2013, Plaintiff, proceeding pro se, initiated this case against Defendants Nationstar Mortgage LLC and Trott & Trott, P.C. in state court to challenge the foreclosure of a particular piece of property.  Defendants removed the case to this Court and filed motions for summary judgment (Dkts 13 & 14).  The matter was referred to the Magistrate Judge, who issued a Report and Recommendation on November 26, 2013, recommending that this Court grant Defendants' motions and terminate this matter (Dkt 52).  The Report and Recommendation indicated that any objections to the Report and Recommendation were due within 14 days pursuant to 28 U.S.C. § 636(b)(1)(C).  The Report and Recommendation was duly served on the parties.  No objections were filed, and this Court entered an Order on December 18, 2013, approving and

adopting the Report and Recommendation (Dkt 55). Further, this Court issued a Judgment, terminating this case (Dkt 56).

"A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." FED. R. CIV. P. 59(e). A district court may grant a Rule 59(e) motion to alter or amend judgment only if there is: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 496 (6th Cir. 2006) (quoting *Intera Corp. v. Henderson,* 428 F.3d 605, 620 (6th Cir. 2005)). Such motions allow for reconsideration; they do not permit parties to effectively "re-argue a case." *Howard v. United States,* 533 F.3d 472, 475 (6th Cir. 2008) (quoting *Sault Ste. Marie Tribe of Chippewa Indians v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998)). The decision whether to alter or amend a judgment is generally within the trial court's discretion. *Vaughn v. Lawrenceburg Power Sys.*, 269 F.3d 703, 710 (6th Cir. 2001).

In his Rule 59 motion at bar, Plaintiff asserts that his objections to the Report and Recommendation were "lost, destroyed and never delivered" (Dkt 59 at 1). Plaintiff delineates five facts that he opines the Magistrate Judge "overlooked," to wit: (1) Plaintiff attempted to pay Defendants the complete arrearage, (2) Defendants did not send him a notice of default, (3) Defendants did not send him notice that they would be accelerating his loan, (4) Plaintiff "should be allowed to show the Courts that the Defendant's [sic] have performed two foreclosures on the Plaintiff's property," and (5) "no assignment was valid" (*id.* at 4-5). However, the Magistrate Judge fully considered the facts leading to the foreclosure in this case, including whether Plaintiff was afforded sufficient due process and the validity of the assignment of the mortgage; therefore,

Plaintiff's first argument demonstrates no clear error and does not afford Plaintiff the post-Judgment relief he seeks.

Plaintiff also asserts that the Magistrate Judge erred in considering affidavits provided by defense counsel as "they are engaged in being sued themselves" (Dkt 59 at 5).  The entities Nationstar Mortgage LLC and Trott & Trott, P.C. are the only named defendants in this case.  Plaintiff's argument is misplaced and likewise fails to afford him the post-Judgment relief he seeks.

Last, Plaintiff opines that this Court was "required to do its own de novo review of the Plaintiff's complaint, even if the Plaintiff had not filed his objections to the Magistrates R&R" (Dkt 59 at 1).  Plaintiff's argument lacks merit inasmuch as the argument is contrary to 28 U.S.C. § 636(b)(1), which instructs that "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*" (emphasis added).  Therefore:

**IT IS HEREBY ORDERED** that "Motion for Reconsideration to Alter and Set-Aside a Judgment and for New Trial Ect. [sic] Pursuant to Rule 59" (Dkt 58) is DENIED.

**IT IS FURTHER ORDERED** that the Motion for Extension of Time (Dkt 60) is DENIED as moot.

This case remains closed.


Date:  January 31, 2014                                /s/ Janet T. Neff                          
                                                                JANET T. NEFF
                                                                United States District Judge